﻿Citation Nr: AXXXXXXXX
Decision Date: 08/27/19 Archive Date: 08/27/19

DOCKET NO. 181117-1288
DATE: August 27, 2019

ORDER

Entitlement to service connection for a low back disability is denied.

FINDING OF FACT

A low back disability was not shown in service; arthritis of the lumbar spine was not diagnosed within one year of service separation; and the preponderance of the evidence is against a finding that any current low back disability is related to service or any event, injury, or disease during service.

CONCLUSION OF LAW

The criteria for service connection for a low back disability are not met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active duty service from August 1962 to August 1964.

The Board notes that the rating decision on appeal was issued in March 2017. In July 2018, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)).

The Veteran selected the Higher-Level Review lane when he opted in to the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form. Accordingly, the October 2018 AMA rating decision considered the evidence of record as of the date VA received the RAMP election form. The August 2018 AMA rating decision found that new and relevant evidence had been submitted and readjudicated the claim for service connection for low back pain. The Veteran timely appealed that rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ). 

The Board notes that additional evidence, namely a March 2019 VA treatment note, was added to the claims file during a period of time when new evidence was not allowed. Therefore, the Board may not consider that evidence. The Veteran may file a Supplemental Claim and submit or identify that evidence. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. 84 Fed. Reg. 138, 182 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 20.300). Specific instructions for filing a Supplemental Claim are included with this decision.

Entitlement to service connection for a low back disability

Entitlement to service connection requires evidence of three elements: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship or nexus between the current disability and the disease or injury incurred or aggravated during active service. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004).

Certain chronic diseases, such as arthritis, are subject to presumptive service connection if manifest to a compensable degree within one year from separation from service even though there is no evidence of such disease during the period of service. That presumption is rebuttable by affirmative evidence to the contrary. 38 U.S.C. §§ 1112, 1113; 38 C.F.R. §§ 3.307(a)(3), 3.309(a).

The Veteran contends that a low back disability began during active service as a result of a back injury he sustained during a hike while carrying the heavy equipment. More specifically, the Veteran asserts that during training he fell from a vehicle and injured his back. The service medical records show complaints of low back pain during service and a subsequent light duty assignment.

The Agency of Original Jurisdiction (AOJ) found that the Veteran has a current diagnosis of a low back disability. The question in this case is whether a causal relationship exists between any current low back disability and active service. The Board concludes that the preponderance of the evidence weighs against finding that a current low back disability began during service or is otherwise related to any event, injury, or disease during service. 

The service entrance and separation examinations did not indicate any lumbar spine disorder or complaints of pain. A January 1964 service medical note indicates complaints of low back pain. The Veteran was assigned light duty and was noted as getting better with full range of motion in the back. 

A September 1972 medical treatment record noted complaints of lower body pain. The Veteran reported pain in the lower half of his body for the past eight years. September 2016 X-rays found degenerative disc changes and anterolisthesis of the lumbar spine. Subsequent medical treatment records show complaints of, and treatment for low back pain.

In a March 2018 private treatment record, S.C., M.D. opined that it was at least as likely as not that the complained of low back disability was related to in-service complaints of back pain. The physician specifically opined that the Veteran’s in-service complaints marked the onset, cause, or contribution to the low back disability. It was noted that the physician could not determine how long the low back disability existed prior to the date of the diagnosis. No rationale for the opinion was provided, however the examiner did discuss X-rays dated in October 2005 that showed sclerotic changes of the lumbar spine. The Board notes that there was no clear indication of if the physician reviewed or had access to the claims file, but reference to x-rays from October 2005 indicate some access to medical record. Nonetheless, no rationale for the opinion was provided. As a result, that opinion is found to be of little probative value.

In a May 2018 VA examination, the examiner opined that the Veteran’s low back disability was not caused by or related to the in-service incident and complaints of low back pain. The rationale provided was that there was no indication of a chronic condition on the separation examination, x-rays from August 1973 showed a normal spine, and the in-service diagnosis was for a lumbar strain which was acute by nature. It was highlighted that following service there was no documentation of back problems until 2005. The examiner concluded that the in-service treatment for a lumbar strain was most likely acute and self-limiting.

The Board finds that the medical evidence of record does not show a continuity of symptomatology between the alleged in-service incident and the current low back disability. Medical treatment records did not show complaints of back pain until 2005 when the Veteran was noted to have sclerotic changes. The May 2018 VA examiner concluded that it was not possible to relate the current condition to the claimed in-service incident because it was not supported by the evidence of record. Due to the lack of rationale provided in the March 2018 opinion, the Board finds the May 2018 VA examination to be the most probative and persuasive evidence. 

The Board has also considered whether service connection for arthritis of the lumber spine is warranted on a presumptive basis. Though the Veteran reported that he had noticed the onset of a lumbar spine disorder during service, the clinical evidence of record does not show that arthritis manifested within one year after service separation. The Veteran did not report symptoms of a lumbar spine disorder or other significant interval history in the June 1964 service separation examination report. The Veteran has consistently reported that the condition has been ongoing since service. However, the May 2018 VA examiner also addressed the absence in the medical records and the nature of the lumbar strain diagnosed in-service. Consequently, presumptive service connection, and service connection based on a continuity of symptomatology, for lumbar spine arthritis are not warranted. 38 U.S.C. §§ 1101, 1112; 38 C.F.R. §§ 3.307, 3.309.

The Board notes the Veteran’s assertions that a low back disability began during service due to an injury sustained during a fall from a vehicle in training. However, that assertion is contradicted by other evidence in the record. Medical treatment records following the incident up until 2005 found a normal lumbar spine. He also denied that he had incurred an illness or injury other than those already noted in the June 1964 Report of Medical History. As a lay person, the Veteran can provide evidence of the etiology of a disease in which the nexus is obvious merely through lay observation, such as a fall leading to a broken leg. Jandreau v. Nicholson, 492 F. 3d 1372 (Fed. Cir. 2007). However, the question of etiology of a lumbar spine disorder goes beyond a simple and immediately observable cause-and-effect relationship. Therefore, the Veteran is not competent to provide an opinion on the existence or etiology of a lumbar spine disorder, and the Veteran’s opinion that a current lumbar spine disorder is the result of the claimed in-service incident cannot be assigned any probative weight. It takes medical experience and diagnostic testing to diagnose lumbar spine disabilities and to provide etiology opinions regarding those disabilities. The Board finds that the VA examination is the most probative and persuasive evidence in this case. The Veteran has not submitted any contrary competent evidence which attributes any current lumbar spine disorder to any event, injury, or disease during service.

(Continued on the next page)

 

Accordingly, the Board finds that the preponderance of the evidence is against the claim for service connection a low back disability and the claim must be denied. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

 

 

Harvey P. Roberts

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. D. Cross, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.